# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0947 | **DATE** | 2/17/2011 |
| **CASE TITLE** | Jonathan Williams (#2010-0211113) vs. Dr. Sims, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to file an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff, Jonathan Williams, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor the means to pay the initial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn Street, Chicago, Illinois, 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and to dismiss the complaint if it fails to state a claim upon which relief can be granted.

     Plaintiff alleges that on February 11, 2010, upon intake at Cook County Jail, he informed Dr. Sims that he was HIV positive and required daily HIV medication. Plaintiff did not receive his medications until early June of 2010. In the middle of August 2010, Plaintiff was provided medication but it was not the medication that his doctor had prescribed. Plaintiff could not take the medication so he went without his medication for 7 days. Plaintiff did not receive his medication from August 30, 2010 through September 21, 2010.

     Plaintiff also did not receive his medication from January 14, 2011 through January 19, 2011, even though Paramedic Moore had the medication in her possession.

     Plaintiff names Dr. Sims, Sheriff Thomas Dart, Superintendent Miller, Superintendent Reyes, and Paramedic Moore as Defendants.

     Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41,

| STATEMENT |
|---|

47, (1957)). Furthermore, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff does not make any allegations of personal involvement by Sheriff Dart, Superintendent Miller or Superintendent Reyes in the alleged failure of him not receiving his medications. As to Sheriff Dart, Plaintiff refers to a 2008 U.S. Justice Department report to infer his knowledge of Plaintiff not receiving his medications. However, Dart's knowledge that Plaintiff was not receiving his medications in 2010 and 2011, cannot be inferred from the 2008 report. Neither Dart's nor the Superintendent's knowledge of Plaintiff not receiving his medications can be inferred based on their position in the jail. Nor can Dr. Sims' knowledge of Plaintiff not receiving his medications be inferred from the sole allegation that Plaintiff told Dr. Sims of his medical needs upon intake at the jail. Thus, Plaintiff has not stated a claim as to these Defendants in their individual capacity.

As to any claim against any Defendants in their official capacity, claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not allege a policy, practice or custom caused his fall in the yard. Plaintiff has failed to plead an official capacity claim against any named Defendant.

Lastly, as to Plaintiff's claim against Paramedic Moore, it appears that Plaintiff could not have fully exhausted his available administrative remedies as to these claims in light of his filing suit within days of the alleged conduct.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibits. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

## STATEMENT

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25. Based on the January 2011 dates, it appears that Plaintiff could not have exhausted his administrative remedies as to those claims. Plaintiff cannot bring suit against Paramedic Moore for her alleged failure to give him medication in January 2011, until he has fully exhausted his administrative remedies as to that claim..

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. If Plaintiff does not timely comply with this order, this case shall be dismissed.