Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0947 | **DATE** | 5/24/2011 |
| **CASE TITLE** | Jonathon Williams (#2010-0211113) vs. Dr. Sims, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended complaint [9] is accepted. The Clerk shall: (1) dismiss Defendants Cook County Sheriff Department, Cook County Department of Corrections, Cermak Health Services, and Lieutenant Tucker; (2) issue summons for service of the second amended complaint [9] on Defendant Dr. Sims; (3) and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [11] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jonathon Williams, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 17, 2011, Plaintiff was allowed to proceed *in forma pauperis*, however, his complaint was dismissed because it failed to state a claim against a named Defendant. In addition, it appeared that Plaintiff had not fully exhausted his administrative remedies as to some of his claims. Plaintiff's amended complaint was dismissed on these same grounds. Plaintiff has now submitted a second amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the second amended complaint and to dismiss the second amended complaint if it fails to state a claim upon which relief can be granted.

Plaintiff alleges that in February of 2010, upon intake at Cook County Jail, he informed Dr. Sims that he was HIV positive and required daily HIV medication. Plaintiff also documented his needed medications on his Intake Medical Sheet. Plaintiff did not receive his medications until early June of 2010. Plaintiff alleges that Dr. Sims had the responsibility to make sure that he received his medications but he failed to fulfill that responsibility.

Plaintiff also alleges that in the middle of August 2010, Pharmacist R refilled his medications with the incorrect medications causing him to miss a week of his medications. Plaintiff did not receive his medication from August 30, 2010 through September 21, 2010, and from January 14, 2011 through January 19, 2011. In addition, his medication was taken on January 20, 2011, per Lieutenant Tucker, during an unreasonable search and was not replaced until January 27, 2011.

Plaintiff now names Dr. Sims, Pharmacist R, Lieutenant Tucker, Cook County Sheriff Department, Cook County Department of Corrections, and Cermak Health Services as Defendants.

Plaintiff has sufficiently stated a claim against Dr. Sims and Pharmacist R. Dr. Sims must respond to the second amended complaint. Plaintiff will need to amend his complaint after learning the identity of Pharmacist R. Cook County Sheriff Department, Cook County Department of Corrections, and Cermak Health Services are dismissed from this action because they are not suable entities. *See Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

Lieutenant Tucker is also dismissed from this action as Plaintiff has affirmatively pled that he did not exhaust his administrative remedies as to the 2011 allegations prior to filing suit.

Exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th

## STATEMENT

Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibits. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

Plaintiff attached the grievance and responses related to the grievance he filed regarding the events in 2011. The grievance was filed in January 2011. The appeal board denied the appeal of the denial of the grievance on February 10, 2011. However, Plaintiff filed the present suit before the appeal was completed – the envelope containing Plaintiff's complaint is postmarked February 8, 2011. Thus, Plaintiff has affirmatively plead that he did not fully exhaust his administrative remedies as to the claims related to the 2011 medication issues and they cannot be included in the instant suit that was filed prior to their exhaustion.

The United States Marshals Service is appointed to serve Defendant Dr. Sims. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has not demonstrated that he has attempted to obtain *pro bono* counsel nor that he was prevented from doing so. He has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.